Steven J. Serbalik, Bar No. 028191
**STEVEN J. SERBALIK, P.L.C.**
4925 E. Desert Cove Ave Unit 116
Scottsdale, Arizona 85254
Telephone:  (480) 269-1529
steveserbalik@gmail.com
*Attorney for Plaintiffs Dusten Mullen and the*
*Arizona Conference of Police and Sheriffs, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DUSTEN MULLEN and the ARIZONA CONFERENCE OF POLICE AND SHERIFFS ("AZCOPS") <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW GIORDANO, in his official capacity as Chief of Police of the Phoenix Police Department, the CITY OF PHOENIX, a municipal corporation, and ANNA HERNANDEZ, in her official capacity as Phoenix City Councilmember, District 7, <br><br> Defendants. | NO. 2:26-CV-02911-SMB <br><br> **PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR IMMEDIATE STAY OF THE MAY 4, 2026 LOUDERMILL HEARING** <br><br> (*Ex parte* relief requested) |

Plaintiffs Dusten Mullen and the Arizona Conference of Police and Sheriffs ("Plaintiffs") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 65, for an immediate temporary restraining order without further notice and/or stay of the *Loudermill* hearing currently scheduled by the City of Phoenix for 9:00 a.m. on Monday, May 4, 2026.

This emergency motion is filed because the City has been given actual, repeated notice of the irreconcilable scheduling conflict with this Court's 9:30 a.m. Order to Show Cause hearing and has refused to vacate or postpone the *Loudermill* hearing. Plaintiffs have made every reasonable effort to resolve this conflict informally (*see* Exhibits A-D), but the City's refusal to communication with counsel, and the Chief's refusal to reschedule the *Loudermill* hearing until after the OSC hearing now requires immediate judicial intervention to prevent irreparable harm and preserve the Court's ability to conduct the scheduled OSC hearing [Doc. 9].

Relevant Facts

On April 28, 2026, Plaintiffs served the Verified Complaint, Motion for TRO/PI, the Court's Order, and related documents on the City via email (Exhibit A; *see also* Doc. 10).

On April 29, 2026, at 10:03 a.m., PPSLA President Leuschner emailed Chief Giordano directly, advising of the conflict and requesting that the 9:00 a.m. *Loudermill* hearing be rescheduled (Exhibit B).

On April 29, 2026, at 2:18 p.m., undersigned counsel sent a follow-up email to Chief Giordano and City Attorney Kriegh, again advising of the conflict, noting that both counsel and Lt. Thatcher (a necessary witness) would be required at the 9:30 a.m. OSC hearing, and warning that Plaintiffs would seek emergency relief if the *Loudermill* hearing was not vacated by 5:00 p.m. (Exhibit C).

Yesterday evening and this morning, PPSLA President Ben Leuschner exchanged text messages with Chief Giordano (*see* Exhibit D - Declaration of Ben Leuschner). Chief Giordano stated that he was willing to move the *Loudermill* hearing "to 0800 on Monday to accommodate the hearing." *Id.* President Leuschner responded back "Would you be willing to reschedule the Loudermill hearing for Monday afternoon? This would give time for the attorneys and the court to discuss the case at 9:30, and would also allow some level of preparation for a meaningful presentation by Thatcher and the attorney for Sgt. Mullen if the court declines to intervene." *Id.* Chief Giordano promptly responded back "Ben, let

2

me check with HR to make sure it does not violate any rules but I can probably find time this Friday. If that works for you let me know and I will check with HR." *Id.* President Leuschner responded back "Ops orders require at least 5 business days. Mullen was served on Monday afternoon so this Friday would not be permitted. Are you willing to reschedule this hearing for on or after 1pm on Monday so that the attorneys can resolve this matter with the court first?" *Id.* President Leuschner did not receive any further communications until this morning, when Chief Giordano sent "Ben, too bad Friday will not work. I am going to keep it scheduled for Monday morning. Let me know if you prefer 0800 or 0900." *Id.* President Leuschner responded "Received. I'll let the attorney, Thatcher, and Mullen know your response. We believe it is important to respect the court's ability to weigh in first and I was hoping we could reach a reasonable resolution on scheduling, but if that isn't possible then we will seek the court's intervention." *Id.*

It is now physically impossible for Plaintiffs' counsel and Sgt. Mullen's designated PPSLA representative to appear at both the 9:00 a.m. *Loudermill* hearing and this Court's 9:30 a.m. OSC hearing, unless Plaintiffs agreed to an unreasonable proposal to schedule the *Loudermill* hearing prior to 9:30 a.m. on Monday.

Legal Standard and Argument

This Court has already determined that Plaintiffs' motion for injunctive relief warrants an Order to Show Cause hearing [Doc. 9]. The City's refusal to vacate the *Loudermill* hearing despite actual notice of the conflict threatens to moot the very relief this Court is considering and deprives Plaintiffs of their right to meaningful participation in both proceedings.

Plaintiffs satisfy the *Winter* factors for emergency relief: (1) strong likelihood of success on the merits (as detailed in the original Motion [Doc. 2] and supported by the anticipated testimony of Lt. Thatcher, Commander Ward, and Lt. Bewley); (2) irreparable harm absent relief (the loss of counsel and a key participant at the *Loudermill* hearing, combined with the risk of an adverse employment decision on a tainted record); (3) the

balance of equities favors Plaintiffs; and (4) the public interest supports enforcement of due process and First Amendment rights.

Certification Under FRCP 65(b)(1)(B)

Plaintiffs' counsel certifies that notice has been provided to the City (*see* Exhibits A-D) and that further efforts to give notice before this Court rules would be futile and would result in irreparable harm. The City has been on notice of this exact conflict since April 29, 2026 and has chosen not to take corrective action.

Requested Relief

Plaintiffs respectfully request that the Court:

1) Immediately enter a temporary restraining order without further notice enjoining Defendants from conducting the 9:00 a.m. *Loudermill* hearing on May 4, 2026;

2) Declare that any *Loudermill* hearing conducted in Plaintiffs' absence on May 4, 2026 shall be without legal effect and/or vacated;

3) Grant the fallback relief requested in the original Motion (Doc. 2), requiring a thorough review of all evidence before any further disciplinary action; and

4) Set this matter for the already-scheduled May 4, 9:30 a.m. OSC hearing.

A proposed form of order is submitted herewith.

RESPECTFULLY SUBMITTED this  30th day of April, 2026.

**STEVEN J SERBALIK, P.L.C.**

By:   /s/Steven J. Serbalik
Steven J. Serbalik
4925 E. Desert Cove Ave #116
Scottsdale, Arizona 85254
*Attorney for Plaintiffs Dusten Mullen and the Arizona Conference of Police and Sheriffs ("AZCOPS")*